IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WHITNEY ALBRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| SS STADIUM, LLC | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, WHITNEY ALBRIGHT ("PLAINTIFF") and files this Complaint against DEFENDANT, SS STADIUM, LLC ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation with a retail store in Brooksville, Florida, which is where PLAINTIFF was employed at all relevant times.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around November 2020, PLAINTIFF was hired to work as a sales associate for DEFENDANT and she was paid on an hourly basis. PLAINTIFF'S duties also including baking.

10. PLAINTIFF worked at least two weeks during which she was not compensated for her time. She worked 77 hours during those two weeks.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF was not paid at least minimum wage for every hour she worked.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for time actually worked.

14. PLAINTIFF is therefore owed compensation for time actually worked but not paid, and

back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

18. PLAINTIFF at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which she received no compensation.

19. During her employment with DEFENDANT, PLAINTIFF performed work for which she was not compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated the minimum wage provision of the FLSA by failing to pay PLAINTIFF at least minimum wage for all the time she worked.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate PLAINTIFF for all compensable hours was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF for unpaid work, time and one-half pay for unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, unpaid overtime, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; for an Order enjoining DEFENDANT from continuing its practice of having employees perform work "off the clock" and/or failing to pay employees for time actually worked, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid $9.75 per hour for each hour she worked.

28. PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the time she worked and by paying her for some of the time she worked at $9.15 per hour, instead

of the agreed rate.

29. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered delay in receipt of her wages and has been required to retain an attorney to help her get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLSA-RETALIATION

30. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

31. PLAINTIFF complained to DEFENDANT that she was not getting paid what she was owed.

32. In or around January 26, 2021, DEFENDANT constructively discharged PLAINTIFF after she was diagnosed with sciatica, telling her that there were no more shifts available for her if she could not work as a baker, despite her time being split between baking and retail.  Upon information and belief, this decision to discharge PLAINTIFF was based at least in part on PLAINTIFF requesting DEFENDANT pay her what she was owed.

33. As a result of her termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: March 1, 2021

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvillleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF